IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MARY E. WILSON,

        Plaintiff,

v.

SECRETARY OF VETERANS AFFAIRS,

        Defendant.

No. 3:19-cv-02104-MO

OPINION AND ORDER


MOSMAN, J.,

    Before me is Defendant United States of America's Motion to Dismiss [ECF 18], in which the United States argues that Plaintiff Mary E. Wilson's claims are barred by the statute of limitations. I agree, and I therefore GRANT Defendant's motion and DISMISS this case with prejudice.

## BACKGROUND

    Ms. Wilson's husband, John Wilson, died on October 31, 2012. Compl. [ECF 1] at 27.[1] Nearly five years later, in June 2017, Ms. Wilson submitted a claim to the U.S. Department of Veterans Affairs ("VA"), in which she alleged that VA practitioners failed to timely disclose her husband's liver cancer, a failure that ultimately caused his death. *Id.* at 6; *see also* Joyce Lewis-

---

[1] Ms. Wilson's Complaint includes several letters, forms, and other documents. To simplify citations, I refer to the entire filing as the Complaint and cite to the corresponding ECF page numbers.

1 – OPINION AND ORDER

Barrett Decl. [ECF 19] ¶ 4. On September 10, 2018, the VA denied her claim because Ms. Wilson failed to present it to the agency within two years after her husband's death. Compl. [ECF 1] at 6; *see also* Lewis-Barrett Decl. [ECF 19] ¶ 11. The VA informed Ms. Wilson that if she wanted to file suit in federal court, then she must do so within six months of the denial. Compl. [ECF 1] at 6; *see also* Lewis-Barrett Decl. [ECF 19] ¶ 12.

Over a year later, on December 30, 2019, Ms. Wilson filed this lawsuit. The United States has moved for dismissal on two grounds. First, the United States argues that Ms. Wilson's claim is barred by the statute of limitations. Second, the United States argues that Ms. Wilson is not the proper party to bring this suit.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When ruling on a Rule 12(b)(6) motion to dismiss based on the affirmative defense of the statute of limitations, the court may dismiss only if 'the running of the statute is apparent on the face of the complaint.'" *Confederated Tribes and Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1120 (D. Or. 2019) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Under Rule 56, "[t]he court shall grant summary

2 – OPINION AND ORDER

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

At the outset, I note that Ms. Wilson's initial filing includes various documents, including letters from the VA, Mr. Wilson's death certificate, and correspondence with her prior attorneys. I also note that Ms. Wilson had a reasonable opportunity to respond to Defendant's motion with any additional materials not included with her complaint. I could construe the various documents filed with her complaint as one pleading and dismiss this case because "the running of the statute is apparent on the face of the complaint." *Confederated Tribes and Bands of Yakama Nation*, 435 F. Supp. 3d at 1120 (quoting *Huynh*, 465 F.3d at 997). Alternatively, I could consider the various documents separate from the pleading, along with the declaration filed with Defendant's motion, and apply a summary judgment standard. Under either standard, Ms. Wilson's claims must be dismissed as barred by the statute of limitations.

Under the Federal Tort Claims Act ("FTCA"),

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Where, as here, a negligence claim is based on a medical provider's failure to diagnose, treat, or warn, a tort claim accrues "only when the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition." *Augustine v. United States*, 704 F.2d 1074, 1078 (9th Cir. 1983).

Here, the tort claim accrued at least when Mr. Wilson died on October 31, 2012. Ms. Wilson contacted an attorney within a month of her husband's passing, revealing that she was aware of a potential tort claim by November 2012. *See* Compl. [ECF 1] at 10. Thus, Ms Wilson had until November 2014, at the absolute latest, to present her claim to the VA. *See* 28 U.S.C. § 2401(b) (notice required within two years after claim accrues). She did not do so until June 2017. Thus, the VA was correct to deny her claim as untimely, which it did in September 2018.

Ms. Wilson then had six months, or until March 2019, to file this lawsuit. *See* 28 U.S.C. § 2401(b) (action must be brought within six months of notice of final denial). She did not do so until December 2019. Thus, this suit is barred by the statute of limitations.

Ms. Wilson notes that she once had a lawyer file a 38 U.S.C. § 1151 claim for benefits with the VA. Pl.'s Resp. [ECF 22]. But relief under that statute is different from relief under the FTCA. *See Littlejohn v. United States*, 321 F.3d 915, 920–21 (9th Cir. 2003). And even if the § 1151 claim was enough to provide notice under the FTCA, that claim was not filed until December 2015—over a year after the statute of limitations under the FTCA had run. Compl. [ECF 1] at 14–15. In any event, Ms. Wilson did not file this lawsuit within six months after the VA denied her FTCA claim in September 2018.

In short, Ms. Wilson's claim is barred by the statute of limitations. I do not address Defendant's alternative argument that Ms. Wilson is not the proper party to bring this suit.

//

//

//

//

//

4 – OPINION AND ORDER

**CONCLUSION**

I GRANT Defendant's Motion to Dismiss [ECF 18]. Since any amendment would be futile, this dismissal is with prejudice and without leave to amend.

IT IS SO ORDERED.

DATED this <u>18th</u> day of December, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER